christina-leas: (family): dunn
2355 sequoyah drive
rogers, arkansas [near 72758]
479-871-9025

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 14 2011

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| christina-leas: (family): dunn,          ) | |
|     Plaintiff.                                    ) | Case No. 11-5165 |
| -v-                                                  ) | |
|                                                      ) | |
| NCB MANAGEMENT SERVICES, INC. ) | |
|     Defendant.                                 ) | |

## COMPLAINT

**NOW INTO COURT COMES,** by Special Appearance, without waiving any rights, remedies or defenses statutory or procedural, christina-leas: (family): dunn a natural woman and Executrix of the decedent CHRISTINA DUNN's estate, and hereby sues Defendant NCB MANAGEMENT SERVICES, INC.

### PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, and 15 U.S.C. §1692k.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. Plaintiff, christina-leas: (family) dunn, is a resident of the state of Arkansas, residing at 2355 Sequoyah Drive, Rogers, Arkansas.

5. Defendant, NCB MANAGEMENT SERVICES, INC. is organized under the laws of the State of Pennsylvania, not registered with the Arkansas Secretary of State, whose agent for service is Unmamed, One Allied Drive, Trevose, PA 19053 (Exhibit 'A").

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

7. Paragraphs 1 through 6 are realleged as though fully set forth herein;

8. Plaintiff has never contracted with Defendant;

9. Plaintiff has never entered into any business relationship with Defendant;

10. On or about April 8, 2011, Defendant pulled Plaintiff's credit report from Credit Reporting Agency TransUnion, thereby reducing her credit score;

11. On or about April 11, 2011 Defendant used the U.S. mail to send Plaintiff a collection letter. This letter stated "This purpose of this letter is to collect a debt. Any information obtained will be used for that purpose" and demanded payment of $834.37 (Exhibit "B");

14. On or about April 26, 2011, Plaintiff sent via U.S. Certified Mail Receipt 7011 0470 0000 8817 2644 a notice of dispute of the alleged debt. On May 2, 2011, Certified Mail 7011 0470 0000 8817 2644 was signed for by an agent of NCB MANAGEMENT SERVICES, INC. (Exhibit "C");

15. Defendant did not respond to this validation demand;

16. Plaintiff christina-leas: (family) dunn contends that the illegal actions of the Defendant have harmed her, resulting in mental anguish and humiliation, and time and expense to rectify this situation.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT NCB MANAGEMENT SERVICES, INC. .

17. Paragraphs 1 through 16 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

19. NCB MANAGEMENT SERVICES, INC. are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

20. NCB MANAGEMENT SERVICES, INC. violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) NCB MANAGEMENT SERVICES, INC. violated 15 U.S.C. §1692e(2) against Plaintiff christina-leas: (family) dunn by falsely representing the character, amount, or legal status of any debt.

(b) NCB MANAGEMENT SERVICES, INC. violated 15 U.S.C. §1692e(5) against Plaintiff christina-leas: (family) dunn by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c) NCB MANAGEMENT SERVICES, INC. violated 15 U.S.C. §1692e(8) against Plaintiff christina-leas: (family) dunn by threatening or communicating false credit information.

(d) NCB MANAGEMENT SERVICES, INC. violated 15 U.S.C. §1692e(10) against Plaintiff christina-leas: (family) dunn by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) NCB MANAGEMENT SERVICES, INC. violated 15 U.S.C. §1692f(1) against Plaintiff christina-leas: (family) dunn by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

## COUNT III

## VIOLATION OF FAIR CREDIT REPORTING ACT *ET SEQ.* BY DEFENDANT NCB MANAGEMENT SERVICES, INC.

21. Paragraphs 1 through 20 are realleged as though fully set forth herein.

22. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681.

23. NCB MANAGEMENT SERVICES, INC. are persons within the meaning of FCRA 15 U.S.C. §1681a(b).

24. NCB MANAGEMENT SERVICES, INC. is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

25. NCB MANAGEMENT SERVICES, INC. violated the FCRA. Defendants' violations include, but are not limited to, the following:

a. NCB MANAGEMENT SERVICES, INC. willfully violated 15 U.S.C. §1681b(f) 1 time by obtaining Plaintiff christina-leas: (family) dunn's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

## COUNT IV

## VIOLATION OF FAIR CREDIT REPORTING ACT *ET SEQ.* BY DEFENDANT NCB MANAGEMENT SERVICES, INC.

26. Paragraphs 1 through 25 are realleged as though fully set forth herein.

27. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681.

28. NCB MANAGEMENT SERVICES, INC. are persons within the meaning of FCRA 15 U.S.C. §1681a(b).

29. NCB MANAGEMENT SERVICES, INC. is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

30. NCB MANAGEMENT SERVICES, INC. violated the FCRA. Defendants' violations include, but are not limited to, the following:

>   a. NCB MANAGEMENT SERVICES, INC. negligently violated 15 U.S.C. §1681b(f) 1 times by obtaining Plaintiff christina-leas: (family) dunn's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against NCB MANAGEMENT SERVICES, INC. for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff demands judgment for damages against NCB MANAGEMENT SERVICES, INC. for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn, pursuant to 15 U.S.C. § U.S.C. §1681n.

WHEREFORE, Plaintiff demands judgment for damages against NCB MANAGEMENT SERVICES, INC. for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn, pursuant to 15 U.S.C. § U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 14, 2011

Respectfully Submitted,

CHRISTINA LEAS DUNN signature LAW UCC § 3-402(b)(1)

By: /s/ *Christina-leas : (family) dunn*, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

## MEMORANDUM OF LAW

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER III > § 1681a (r)(4)

*The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.*

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) *the term "account"* means a **demand deposit, savings deposit, or other asset account** (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; …(emphasis added).

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER III > 1681b.

Permissible purposes of consumer reports.

(a) In general

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account* of, the consumer; or …

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, christina-leas: (family) dunn, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in this Complaint.

4. I have filed this Complaint in good faith and solely for the purposes set forth in it.

5. Each and every exhibit I have provided to the Court and attached to this Complaint is a true and correct copy of the original.

6. I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Per 28 U.S.C. §1746(2), I, christina-leas: (family) dunn, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

By: /s/ *Christina-leas: (family) dunn*, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

_____July 14, 2011_____
Date

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 14th day of July, 2011 by U.S. Mail Certified Mail 70110470000088172941 delivery with appropriate postage to: BRETT SILVER, ONE ALLIED DRIVE, TREVOSE, PA 19053.

By: /s/ _christina-leas:(family) dunn_, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

Date: July 14, 2011